[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 11709
The parties were married at New Fairfield, Connecticut on October 29, 1993. By complaint dated November 13, 1998, the Husband instituted this action claiming a dissolution of marriage, joint custody of the minor child, an equitable division of the assets of the parties, and other relief as law and equity might provide.
One minor child, Thomas G. Nelson, born December 30, 1988, to the Wife was adopted by the Husband.
The Husband is 39 years of age and in good health. The Wife is 49 years of age and in fair health.
The parties are equally responsible for the breakdown of the marriage.
The Court finds that residence requirements have been satisfied and neither party has been the recipient of public assistance. All pertinent criteria outlined in Chapter 815j of the General Statutes were considered by the court in the entry of the following orders as well as the evidence, testimony and claims of law made by the parties:
ORDERS:
DISSOLUTION OF MARRIAGE
A decree dissolving the marriage will enter on the grounds of irretrievable breakdown to enter on, September 25, 2000.
CUSTODY/VISITATION
The parties shall have joint custody of the minor child, Thomas G. Nelson, with physical custody to the Wife. The Husband shall have the rights of reasonable, liberal and flexible visitation which shall include as a minimum: every Wednesday from 4:00 p.m. to 8:00 p.m. and the third weekend of each month from Friday at 5:00 p.m. to Sunday at 5:00 p.m. This weekend overnight visitation shall commence in December, 2000. Until that time, the Husband's visitation with the child shall not include the overnights. He shall return the child to the Wife's residence in the evenings of his weekend visitation by 8:00 p.m. If the child feels comfortable commencing overnights visitations earlier than December, 2000 then both parties shall accommodate the wishes of the child. Both parties shall encourage the child to have a healthy and loving relationship with the other parent. CT Page 11710
CHILD SUPPORT
The Husband shall pay to the Wife the sum of $98 per week as child support for the minor child, said sum being in compliance with the Child Support Guidelines. A contingent income withholding shall enter.
The obligations of support and maintenance of the minor child shall terminate when such child attains the age of eighteen (18) years, marries, dies, becomes employed full time being no longer enrolled in high school, or ceases to reside with the Wife under circumstances where the Wife is no longer furnishing the child's support or if the child becomes otherwise emancipated, whichever occurs first.
Notwithstanding that the child has reached the age of eighteen (18) years, if said child is a full time high school student and continues to reside with the Wife, the Husband shall continue to pay child support as specified above, until the child completes the twelfth (12) grade or attains the age of nineteen (19) years, whichever occurs first.
The Wife shall take the child as a dependent for income tax purposes.
ALIMONY
Neither party shall pay the other alimony.
MEDICAL INSURANCE AND UNREIMBURSED MEDICALS — CHILD
The Husband shall maintain, at his sole expense, medical/dental insurance for the child as long as he is obligated to pay child support for said child. This policy shall be in place within 60 days of the date of the dissolution.
Pursuant to the Child Support Guidelines, the Husband shall pay 33% of the unreimbursed medical/dental expenses and the Wife shall pay 67% of same.
Except in case of an emergency, the Wife shall not contract for any extraordinary expenses for the child without first consulting with the Husband.
The provisions of 46b-84(e) shall apply.
MEDICAL INSURANCE — WIFE
The Wife shall be responsible for her own medical insurance coverage. The Husband shall be responsible for his own medical insurance coverage. CT Page 11711
LIFE INSURANCE
Neither party requested any order from the Court in regards to life insurance. Accordingly, no order relating to life insurance is made.
PERSONAL PROPERTY
The parties shall divide their personal property to their mutual satisfaction, except as follows: The Wife shall transfer to the Husband her interest in the 1995 Ford Van and equipment therein. The Husband shall retain his 1983 Oldsmobile Delta 88. The Wife shall retain her Astrovan and 1997 Saturn. Both parties shall sign the required documents to effectuate these orders.
REAL PROPERTY
The Wife shall retain her interest in the real property located at 5 Lake Drive, New Fairfield, Connecticut free and clear from any claims by the Husband. She will be solely responsible for the mortgage and the liens on said property and she shall hold the Husband harmless regarding same.
DIVISION OF DEBTS
Except as otherwise provided herein, the Husband shall be responsible for the debts on his financial affidavit and the Wife shall be responsible for the debts on her financial affidavit. The Husband shall be solely responsible for the Union Saving Bank credit card which was used to purchase his business supplies in the amount of $5,000.00 and he shall hold the Wife harmless regarding same.
HUSBAND'S BUSINESS
The Husband shall retain his business, known as Sunshine Carpet Care, and the Wife shall have no interest in said business.
STOCKS
The Wife shall retain her stocks and IRA account.
ATTORNEY FEES
The parties shall each be solely responsible for their own attorney fees
TAX RETURNS
CT Page 11712
The parties shall file separate tax returns for the year 2000 and thereafter. In the event that an audit results in a determination of a deficiency in connection with any jointly filed income tax returns, the party whose income, assets, or reporting is responsible for the same shall also be responsible for the payment of said deficiency, holding the other party harmless from any and all claims concerning that obligation including but not limited to accounting and attorney's fees.
MISCELLANEOUS
Each party shall sign any necessary documents to effectuate the orders contained herein.
FRANKEL, J.